IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PASSMORE, | ) |
| Petitioner, | ) ) ) ) |
| vs. | ) Civil Action No. 3:21-cv-115 ) Judge Stephanie L. Haines |
| ERIC TICE, *et al.*, | ) Chief Magistrate Judge Cynthia Reed Eddy ) |
| Respondents. | ) ) |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed pro se by John Passmore ("Petitioner") [Doc. 1]. Petitioner seeks to challenge a state court conviction obtained in the Court of Common Pleas of Bucks County, Pennsylvania. This matter was referred to Chief Magistrate Judge Cynthia Reed Eddy for proceedings in accordance with the Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 29, 2021, Judge Eddy submitted a Report and Recommendation recommending that the petition be transferred to the United States District Court for the Eastern District of Pennsylvania in furtherance of justice pursuant to 28 U.S.C. § 2241(d) [Doc. 2]. Petitioner was advised that he had fourteen days to file written objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner timely filed a response [Doc. 3] objecting to the Report and Recommendation on the ground that four of the five grounds raised in the petition are "law based and not fact based."

When a party timely objects to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed

1

findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Eddy in this matter. As Judge Eddy explained, when a state prisoner files a § 2254 petition in a state with several judicial districts, § 2241(d) permits the filing of the petition in either the district where the petitioner is in custody or the district in which the state court which convicted and sentenced him is located. In that situation, each district has concurrent jurisdiction over the petition. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Here, Petitioner currently is in custody in SCI-Somerset, within the Western District of Pennsylvania, while the state court of conviction and sentence is located within the Eastern District of Pennsylvania. Section 2241(d) allows the district where the petition is filed to transfer it to the other district with concurrent jurisdiction in the exercise of its discretion and in furtherance of justice. In evaluating whether to transfer venue under § 2241(d), a court should weigh "traditional venue considerations," including "where all the material events took place," where "records and witnesses pertinent to petitioner's claim are likely to be found," the convenience of the parties, and the familiarity of the court with the applicable laws. *Braden v. 30th Judicial District*, 410 U.S. 484, 493 (1973); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (discussing traditional venue considerations)

Upon application of these traditional venue considerations in this case, Judge Eddy reasonably determined that the petition should be transferred to the Eastern District of Pennsylvania in furtherance of justice [Doc. 2 p. 3]. Although Defendant objects to the recommendation, the Court has considered his objection and finds it unavailing, as the "legal" nature of his claims does not alter the balance of venue considerations in favor of transfer. Accordingly, the Court will exercise its discretion and transfer venue to the Eastern District of Pennsylvania, in furtherance of justice, and in accord with the general practice of the district courts within the Commonwealth of Pennsylvania. *See, e.g., Nightingale v. Vincent*, No. Civ. A. 08-95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted").

Accordingly, the following order is entered:

## ORDER

AND NOW, this 7th day of March, 2022, for the reasons set forth in the Chief Magistrate Judge's Report and Recommendation [Doc. 2], which is accepted in whole and adopted as the opinion of the Court as supplemented herein, and, pursuant to 28 U.S.C. § 2241(d), IT IS ORDERED that the Clerk of Court shall forthwith transfer Petitioner John Passmore's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] to the United States District Court for the Eastern District of Pennsylvania, in furtherance of justice.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge